[Cite as *Lister v. Ohio Dept. of Transp., Dist. 12*, 2010-Ohio-4786.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JAMES S. LISTER

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 12

     Defendant

     Case No. 2010-01573-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

{¶ 1} Plaintiff, James S. Lister, filed this action against defendant, Department of Transportation (ODOT), contending that his 2005 Mazda was damaged as a proximate cause of negligence on the part of ODOT personnel in maintaining hazardous roadway conditions on Interstate 271 North in Lake County. Plaintiff described the particular damage incident noting that: "[d]eep potholes in the I-271 north Expressway just west of the I-90 East Merge caused damage to all 4 rims bending the aluminum alloy rims (on the 2005 Mazda)." Plaintiff advised that all four rims on the vehicle "took impacts (from) multiple potholes on I-271 from Eddy Road overpass to the I-90 merge." Plaintiff recalled that the described damage incident occurred on January 18, 2010 at approximately 5:25 p.m. Plaintiff filed this complaint seeking to recover damages in the amount of $1,164.41, the cost of replacement parts and related repair expenses he incurred as a result of the January 18, 2010 damage event. Plaintiff also requested an undetermined damage amount for mileage to have his car repaired. The $25.00 filing fee was paid and plaintiff requested reimbursement of that cost along with his damage claim.

**{¶ 2}** Defendant denied liability based on the contention that no ODOT personnel had any knowledge of any roadway defects on Interstate 271 prior to plaintiff's January 18, 2010 incident. Defendant related that ODOT's "investigation indicates that the location of Plaintiff Lister's incident would be at approximately county milepost 1.75 (state milepost 40.22) in Lake County." Defendant denied receiving any prior calls or complaints about a pothole or potholes in the vicinity of that location despite the fact that "[t]his section of roadway has an average daily traffic count" of over 90,000 vehicles. Defendant asserted that plaintiff did not offer any evidence to establish the length of time any potholes existed in the vicinity of milepost 40.22 on Interstate 271 prior to 5:25 p.m. on January 18, 2010. Defendant suggested that "it is more likely than not that the pothole existed in that location for only a relatively short amount of time before plaintiff's incident."

**{¶ 3}** Additionally, defendant contended that plaintiff did not offer any evidence to prove that the roadway was negligently maintained. Defendant advised that the ODOT "Lake County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no potholes were discovered in the vicinity of plaintiff's incident the last time that section of roadway was inspected prior to January 18, 2010. The claim file is devoid of any inspection record. Defendant argued that plaintiff has failed to offer any evidence to prove his property damage was attributable to any conduct on the part of ODOT personnel. Defendant asserted that "I-271 was in good condition at the time and in the general vicinity of plaintiff's incident." Defendant stated that, "[a] review of the six-month maintenance history (record submitted) for the area in question reveals that three (3) pothole patching operations were conducted in the general vicinity and the last repair was on December 17, 2009." Earlier patching operations were performed on July 15, 2009 and December 15, 2009. The submitted "Maintenance History" reflects that ODOT personnel conducted two maintenance operations on the particular section of Interstate 271 during January 2010 and that activity involved sign maintenance on January 14, 2010 and pothole patching (mileposts 40.20 to 39.50) on that same date. Defendant noted, "that if ODOT personnel had detected any defects they would have been promptly scheduled for repair."

**{¶ 4}** Plaintiff filed a response arguing that defendant's submitted complaint log

(covering the dates July 1, 2009 to January 18, 2010) "is inaccurate and misleading" due to the fact that his two phone calls made to ODOT on January 19, 2010 and January 20, 2010 are not listed on a log with an end date of January 18, 2010. Plaintiff advised that the potholes his vehicle struck on Interstate 271 were "filled and patched" on either the night of January 18, 2010 or the morning of January 19, 2010. Defendant did not submit any record reflecting pothole patching was performed on either January 18, 2010 or the morning of January 19, 2010. Plaintiff essentially contended that defendant deliberately withheld complaint and repair evidence when filing an investigation report.

{¶ 5} Plaintiff revised the approximate time his car struck the potholes on Interstate 271 to 4:50 p.m. on January 18, 2010. Plaintiff submitted photographs (taken March 23, 2010) depicting the repaired potholes on Interstate 271. Plaintiff reported that he spoke to an ODOT employee on January 20, 2010 and was informed the damage-causing potholes on Interstate 271 had already been patched. Plaintiff stated, "I find it difficult to believe ODOT had no prior complaints (of potholes on Interstate 271) and wonder how they patched these areas with no prior knowledge of existing disrepair of a major travelled expressway." Plaintiff further stated that, "I don't see any reason to believe the potholes were just filled in without complaints being received." Plaintiff did not submit any evidence to indicate the length of time the roadway defects that damaged his car existed prior to 4:50 p.m. on January 18, 2010.

{¶ 6} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 7} Defendant has the duty to maintain its highways in a reasonably safe

condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 8} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise conditions or defects alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence defendant had actual notice of the potholes on Interstate 271 prior to the night of January 18, 2010.

{¶ 9} Therefore, to find liability, plaintiff must prove that ODOT had constructive notice of the defects. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶ 10} In order for there to be constructive notice, plaintiff must show that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD . Size of the defects are insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. No evidence has shown ODOT had constructive notice of the potholes.

{¶ 11} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1)

defendant had actual or constructive notice of the potholes and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. The fact that defendant's "Maintenance History" reflects pothole repairs were made in the vicinity of plaintiff's incident on various occasions does not prove negligent maintenance of the roadway on the part of ODOT. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective conditions. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage plaintiff may have suffered from the potholes.

{¶ 12} In the instant claim, plaintiff has failed to introduce sufficient evidence to prove that defendant maintained known hazardous roadway conditions. Plaintiff failed to prove that his property damage was connected to any conduct under the control of defendant, or that defendant was negligent in maintaining the roadway area, or that there was any actionable negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD. Consequently, plaintiff's claim is denied.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JAMES S. LISTER

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 12

Defendant

Case No. 2010-01573-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
MILES C. DURFEY
Clerk

Entry cc:

James S. Lister
2216 Walnut Boulevard
Ashtabula, Ohio  44004

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
5/20
Filed 6/4/10
Sent to S.C. reporter 10/1/10